UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRI DAVISSON,

        Plaintiff,

v.                            CASE No. 8:06-CV-25-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

_____

O R D E R

      The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[*]  Because the decision of the Commissioner of Social Security contains a flawed credibility determination, the decision will be reversed and the matter remanded for further proceedings.

I.

      The plaintiff, who was forty-four years old at the time of the most recent administrative decision and who has a tenth grade education (Tr. 21, 232), has been employed primarily as a maid for motels and a restaurant

_____

[*]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 12).

cleaner(Tr. 68, 249, 294).  She filed her current claims for Social Security disability benefits and supplemental security income payments in June 2000, alleging that she became disabled, as of October 15, 1999, due to a back and neck injury (Tr. 213, 226, 644).  The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de</u> <u>novo</u> hearing before an administrative law judge.  The law judge found that the plaintiff had severe impairments of disc protrusion, depression, and panic attacks but found that she had the residual functional capacity to perform routine light and sedentary work (Tr. 166, 173).  The law judge, therefore, determined that the plaintiff was not disabled (Tr. 174).

Upon the plaintiff's request for review, the Appeals Council vacated the decision and remanded the case for further proceedings due to certain deficiencies (Tr. 201-02).  The Appeals Council stated that additional evidence needed to be acquired with respect to the plaintiff's condition.  In addition, the Appeals Council noted that the record did not contain treatment records after the plaintiff's alleged onset date of October 15, 1999, so that the plaintiff should be given an opportunity to submit additional treatment records or explain her reasons for any lack of treatment (Tr. 202).

After the remand, the same law judge issued another unfavorable decision. The law judge found that the plaintiff had severe impairments of protruding cervical discs, bulging lumbar discs, asthma controlled with medication, anxiety and depression (Tr. 24). He concluded that these impairments limited the plaintiff to a restricted range of sedentary work in a clean, temperature-controlled work environment (Tr. 26). The law judge restricted the plaintiff to simple repetitive job tasks due to an occasional limitation of concentration and work stress (id.). The law judge further determined that the plaintiff can sit for six hours in an eight-hour work day, but cannot  stand for a prolonged period of time (id.). The law judge also included the restrictions of occasionally lifting ten pounds, bending, stooping, crouching, and reaching and pulling with her right arm (id.). The law judge determined, based upon the testimony of a vocational expert, that the plaintiff could return to her past relevant work as a telephone solicitor (Tr. 27). Further, in light of the expert's testimony, the law judge ruled that the plaintiff could perform other work that exists in the national economy, such as an appointment clerk, food checker and surveillance monitor (id.). Accordingly, the law judge decided that the plaintiff was not disabled (id.). The Appeals

Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff was involved in an automobile accident in which her vehicle was struck in the rear by a vehicle moving at an estimated high rate of speed. She was subsequently found by an MRI to have suffered protruding cervical discs with cord impingement (Tr. 347). She was also found to have mild bulging of the lumbar spine. The plaintiff testified essentially that she

suffers incapacitating neck and back pain.  The law judge discounted that testimony and the plaintiff has challenged that credibility determination (Doc. 14, p. 17).

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective complaints.  Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).  As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

If the law judge determines that, under this test, the subjective complaints are not supported by the objectively determined medical condition, then the subjective complaints cannot be the basis for a finding of disability and the law judge need not assess the credibility of those complaints.  He must, however, provide an adequate explanation for the determination in order to permit, upon judicial review, an assessment whether the proper standard was applied and whether the finding is supported by substantial evidence.  See,

e.g., Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987); Johns v. Bowen, 821 F.2d 551, 556 (11th Cir. 1987).

If, on the other hand, the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985). In other words, this credibility finding must be explained. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988); Walker v. Bowen, supra, 826 F.2d at 1004.

The plaintiff argues that, in reaching his credibility determination, the law judge erred by relying upon her lack of medical treatment. As the law judge acknowledged (Tr. 25), there is evidence in the record that the plaintiff's husband cannot afford to include her in his employer's insurance, but has an income level that renders her ineligible for free medical care with the county. The law judge commented that, "[w]ith regard to these assertions it is noted that there [are] enormous gaps in the medical records" (id.). He added that "[i]t is very difficult to understand how, regardless of ability to pay, a person

could have withstood the alleged level of persistent pain since 1999 without any medical attention" (id.).

While, as the Commissioner asserts, the failure to seek medical treatment was not the only factor considered by the law judge in making his credibility finding, it certainly appears to have been a significant factor in that determination.  In light of the plaintiff's unrefuted financial circumstances, reliance upon that factor was unreasonable.  If the plaintiff was financially foreclosed from appropriate medical treatment, which was said to include surgery (Tr. 362, 450-51), then she would have no option except to endure her pain.  If the law judge was aware of some other option, then he needed to articulate it because it is surely not apparent.

Thus, the law judge could reasonably have taken the lack of medical treatment into account if he could set forth some avenue that the plaintiff could have taken to obtain such treatment.  Or, he could have articulated some explanation for discounting the evidence that the plaintiff was financially precluded from obtaining medical treatment.  Or, he could have sought to discount the plaintiff's complaints of pain without consideration of the lack of medical treatment.  But it was not reasonable for the law judge, in the face of evidence in the record that the plaintiff could not financially obtain

medical treatment, to conclude that the plaintiff was not telling the truth about her pain because she did not obtain medical treatment.

As indicated, the lack of medical treatment was not the only circumstance the law judge relied upon in making his credibility determination.  However, it clearly appears to have been a significant factor.  I am in no position to speculate what the credibility determination would have been if this factor had not been considered.  The unreasonable consideration of this factor therefore warrants a remand.

In light of this conclusion, the other arguments warrant only brief discussion, particularly since none of them seems persuasive.

The plaintiff's first argument criticizes the weight given by the law judge to several items of evidence.  The law judge, however, is given the responsibility for evaluating the evidence.  None of the plaintiff's criticisms would justify reversal.

The plaintiff also complains that the law judge did not evaluate the medical opinions of two examining consultants.   The law judge summarized their testimony, but did not need to comment on their opinions because they did not set forth any functional limitations.

IV.

For the foregoing reasons, the decision of the Commissioner contains an unreasonable credibility determination.  Therefore, the Commissioner's decision is hereby REVERSED and the matter REMANDED for further consideration.  The Clerk shall enter judgment in accordance with this Order.

DONE and ORDERED at Tampa, Florida, this <u>17th</u> day of January, 2007.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE